**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2587-23

JOSEPH A. KELLY, JR.,

     Plaintiff-Respondent,

v.

DAVID HOLMAN,

     Defendant-Appellant.

_____

Submitted May 19, 2025 – Decided August 5, 2025

Before Judges Jacobs and Jablonski.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Docket No. SC-000569-23.

Kent/McBride, PC, attorneys for appellant (Lori S. Klinger, on the brief).

Respondent has not filed a brief.

PER CURIAM

    Defendant David Holman appeals from a March 21, 2024 order of the

Special Civil Part, Small Claims Section denying his request for a new trial after

entry of a judgment at trial held on December 4, 2023. The trial court found defendant liable for medical expenses arising from a dog bite inflicted by plaintiff's dog on plaintiff's guest. The court also awarded plaintiff judgment for one-half the cost of replacing a beverage refrigerator allegedly damaged by defendant during his tenancy. Because the court's conclusions of law were erroneous as to the dog bite, we reverse and dismiss with prejudice that portion of the judgment. We affirm the order denying a new trial and the remainder of the court's judgment in favor of plaintiff.

I.

In January 2023, plaintiff and defendant entered into a landlord-tenant agreement, with defendant renting a bedroom in plaintiff's home in Absecon. Also residing in the home was plaintiff's dog, who plaintiff described as "very aggressive to strangers . . . unless he's introduced to them." Plaintiff purportedly warned defendant of the dog's violent tendencies and instructed defendant not to allow strangers into the home without first securing the dog. Defendant denied receiving any such warning prior to the incident.

At trial held on December 4, 2023, plaintiff testified he was upstairs in his bedroom recovering from surgery when, on a day not specified in the pleadings or transcript, plaintiff's friend's mother arrived. Because he was not present

when the mother entered the house on the ground level, plaintiff did not witness her entry. Defendant testified the woman let herself into the house unannounced. There is no dispute that once in the house, the woman was attacked and injured by plaintiff's dog. Defendant testified that based on her means of entry, he "assumed that she knew [plaintiff] and that she was allowed to come inside cause I wasn't told that she was coming over. So she pushed her way in and the dog bit her."

Neither party contests the woman sustained injuries requiring medical attention. The parties stipulated out-of-pocket medical expenses totaled $1,949.

Video footage played at trial and reviewed on appeal shows defendant and his friend handling a small beverage refrigerator. Defendant testified that his friend inadvertently broke the refrigerator's lock and that he (defendant) then tried to close the refrigerator door. Defendant further testified the refrigerator was operational; it simply would not lock, and therefore did not need to be entirely replaced. Plaintiff insisted that as a result of defendant and his friend's actions, the entire refrigerator had to be replaced.

In closing, defendant's counsel argued:

> Plaintiff has the burden of proof here. My client is not in charge of the plaintiff's dog. He did nothing to provoke the attack. The plaintiff had an obligation to control his own dog.

3

. . .

I just want to add that my client was a tenant, undisputed.  He had access to the refrigerator.  He was allowed to.  He didn't know it was locked.  The video does not show him breaking it.   And even under plaintiff's own argument it was my client's friend who at least broke half of that refrigerator.  And that's it.  Thank you.

Plaintiff argued:

I would just like to close by saying that obviously given the circumstances ordinarily I would not expect the defendant to be responsible for my dog.  Given the fact that I was upstairs on God knows how many narcotics recovering from surgery and he had already been advised of the procedures for handling the dog several times in the past.  I feel as though there is no way that I could be li[able] for that.  I did the best I could to mitigate after the fact.  I went downstairs . . . .  I provided medical care to her.  I called to arrive to the hospital.  I did what I could to mitigate the scenario.  But unfortunately at that juncture the defendant had already done the damage.

Regarding the refrigerator, plaintiff said:

I mean at this point it was a wine fridge from Home Depot I ordered online.  I went and looked.  There are no replacement parts that I can do.  He [defendant] believes that it can be replaced, the lock itself.  If that's something that can be done, I'm completely willing to accept that on his part, fixing the lock itself.  But there was nothing that I was able to see that would lead me to believe it's replaceable.  So at this juncture I do believe that the whole wine fridge needs to be replaced.

4

The entirety of the trial court's findings of fact and conclusions of law were as follows:

> We have two causes of action. One is for the medical, one is for the refrigerator. A person who is in control of a dog has a strict liability, negligence is not the factor. So whether or not the defendant, Mr. Holman, was or was not aware, plaintiff claims he was aware, the restrictions on the dog and, of course, defendant denies that. That's not the point. That evening he was in control of the dog and as a result he is responsible for the damages which had been stipulated to only medical. That's $1,949.
>
> As to the refrigerator, it looks from the evidence presented and as far as the bang goes[,] it's hard to tell because the music[1] interrupts it. So you can't tell something on the music from a bang. It's clear that both of them had a hand in the opening of the refrigerator door. And as a result, I find the defendant to be 50 percent liable. The cost is roughly $796, say $800. I'm going to split that in half to $400. So the total judgment in this case is $2,349 plus court costs.

Defendant filed a motion for new trial under Rule 4:49-1 that was summarily denied without elaboration on March 21, 2024. Defendant appeals denial of the motion for a new trial, and by implication, the underlying judgment. Self-represented plaintiff did not file opposition on appeal.

---

[1] Our summary of the facts does not mention that background music in the video obscured the sound of banging coming from the defendant and his friend as they worked on the refrigerator.

5

## II.

On review, we will not set aside the trial court's findings of fact "unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." Rova Farms Resort, Inc. v. Investors Ins. Co. of Am., 65 N.J. 474, 484 (1974). Our deference to the trial court's factual findings "is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Cesare v. Cesare, 154 N.J. 394, 412 (1998) (internal quotation marks omitted). However, the "trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference[,]" and thus are subject to our de novo review. Mountain Hill, LLC v. Twp. Comm. Of Middletown, 403 N.J. Super. 146, 193 (App. Div. 2008) (citation omitted).

Our dog bite statute imposes absolute liability on the dog owner for resulting damages. The subject provision reads:

> The owner of any dog which shall bite a person while such person is on or in a public place, or lawfully on or in a private place, including the property of the owner of the dog, shall be liable for such damages as may be suffered by the person bitten, regardless of the former viciousness of such dog or the owner's knowledge of such viciousness.

A-2587-23

[N.J.S.A. 4:19-16.]

Under New Jersey's dog bite statute, it was error for the court to state "[a] person who is in control of a dog has a strict liability[.] . . . . That evening [defendant] was in control of the dog[,] and as a result[, defendant] is responsible for the damages which had been stipulated . . . ."

Although New Jersey's dog bite statute confers strict liability, liability is not attributed to whomever has control of the dog. Rather, as the plain language of the statute provides, liability lies with the dog owner. State v. Fuqua, 234 N.J. 583, 591 (2018) ("In interpreting a statute, we give words their ordinary meaning and significance, acknowledging that the statutory language is the best indicator of [the Legislature's] intent.") (alteration in original) (internal quotation marks omitted).

The trial court misstated the law and, therefore, ruled erroneously.

We recognize that there is a common law cause of action for absolute liability to a plaintiff injured by the actions of a dog if a plaintiff can prove the defendant had "scienter"—knowledge—that "the disposition of the animal is such that it is likely to commit a similar injury to that complained of, be it in anger or play, is sufficient to maintain the action." Jannuzzelli v. Wilkins, 158 N.J. Super. 36, 41-42 (App. Div. 1978). Without scienter, an injured plaintiff is

limited to bringing a negligence action. DeRobertis v. Randazzo, 94 N.J. 144, 156 (1983). Here, the judge did not address or rule on the question of scienter and explicitly ruled out negligence ("negligence is not the factor"), nor was it argued by plaintiff. Instead, the claim was addressed in the context of strict liability, inferentially subject to New Jersey's dog bite statute.

Here, attribution of liability is certain in that there is no dispute that plaintiff was the owner of the dog and the bite occurred while the victim was lawfully in plaintiff's home. Because the outcome of this issue rests solely on a question of law, we vacate the court's award in favor of plaintiff for damages related to the dog bite and dismiss plaintiff's claim with prejudice.

Liability for the refrigerator is attributable to whomever the trial court reasonably finds caused damage. Here, the court found defendant liable for fifty percent of the damage, ostensibly accepting plaintiff's testimony that damages consisted of the cost of replacing the refrigerator.

"It is well settled that injured parties have a duty to take reasonable steps to mitigate damage." Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 344 (App. Div. 2021) (quoting McDonald v. Mianecki, 79 N.J. 275, 299 (1979)). Our review of the record reflects the court did not explicitly address the question of mitigation. However, as rendered above, plaintiff addressed mitigation in his

A-2587-23

testimony in saying, "[b]ut there was nothing that I was able to see that would lead me to believe it's replaceable. So at this juncture I do believe that the whole wine fridge needs to be replaced." The trial court's decision to hold defendant responsible for half the replacement cost reflects that it accepted plaintiff's testimony that mitigation was futile. "Moreover, 'the burden of proving facts in mitigation of damages rests with the defendant[ ].'" Nelson, 466 N.J. Super. at 344. Defendant failed to present any evidence demonstrating that mitigation was a realistic prospect. In all, we are satisfied the trial court's decision was reasonably based on consideration of the evidence and credibility assessments.

In sum, we reverse and vacate with prejudice that portion of the judgment pertaining to damages related to the dog bite in the amount of $1,949. We affirm the judgment pertaining to replacement cost of plaintiff's refrigerator. In view of this ruling, defendant's motion for a new trial is rendered moot.

The trial court is directed to issue an amended judgment forthwith consistent with this opinion.

Affirmed in part, reversed in part. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

9